10006

OWENS v. FAHNESTOCK *ET AL.*

(96 S. E. 557.)

WILLS—CODICILS—CONSTRUCTION—INTENT OF TESTATOR.—Where testator, having executed will consisting of nine items, thereafter executes another paper headed "item 10," consisting merely of appointment of an attorney to care for estate pending arrival of executor, and naming no executor and containing no provisions for disposition of property, latter paper, although containing customary preamble to will revoking wills "heretofore made," is a codicil of and does not revoke former will; such being obvious intention of testator.

. Before BOWMAN, J., Oconee, Spring term, 1917.   Reversed.

Action to probate the last will and testament of Mrs. Rosa Fahnestock, deceased, by James C. Owens, as executor of the last will and testament of Mrs. Rosa Fahnestock, deceased, against Thomas G. C. Fahnestock and others. Probate Court admitted will dated September 24, 1915, and refused to admit paper dated January 1, 1916. On appeal to Circuit Court by defendant named, the judgment of probate Court was reversed, and will of former date declared to have been revoked by will of latter date, which was ordered to be admitted to probate. From the judgment so rendered, the petitioner appeals.

All of the defendants, except Thos. G. C. Fahnestock, join in the appeal.

*Messrs. J. R. Earle* and *Haynsworth & Haynsworth,* for all of the appellants, except Thos. P. Owens, John J. Owens and Rosanna Owens, submit: *Is the paper of January, 1916, the only last will and testament of testatrix?* Words and Phrases 6284-6; 34 Cyc. 1825, and cases cited; 27 S. C. 453; 7 Rich. Eq. (28 S. C. Eq.) 422; 91 S. C. 167; Cheves Eq. (15 S. C. Eq.) 80; 42 Am. Rep. 363; 2d Dev. Eq. (17 N. C.) 387; 40 Cyc. 1174, and note; 30 A. & E. En. Law 625; 15 N. J. E. 569; 1 Brad. Sur. 114 (N. Y.) 1850; 88 Ala. 427; 6 So. 834; note 28 Am. St. R. 344; note 37 L. R. A. 561. *Should the revocatory clause contained in the paper of January 1st, be allowed to destroy the clear testamentary purpose of the testatrix?* 6 So. 834; 94 Cal. 670; 40 Cyc. 1174; 12 J. R. Moore 2; 70 Ala. 626; 28 Mass. (11 Pick.) 371, 376; 29 Am. Rep. 642; 20 N. Y. Supp. 307-309; 113 N. Y. 191; 21 N. E. 77; 14 N. C. 365; 3 Ohio St. 369; 2 Woodw. Dec. 45 (Cent. Dig., p. 374, vol. XLIX Wills) ; 21 N. E. 78.

*Messrs. Stribling & Dendy,* for Thomas P. Owens, appellant, submit: *A will may be valid, although it disposes of only part of the executor's property, but not where it*

*disposes of none of it, unless it appoints an executor:* 16 S.
C. 40;·44 S. C. 186. *The paper of date January 1st, 1916,
is not the "other writing" mentioned in the statute by which
a will may be revoked:* 30 S. C. 80; 40 Cyc. 1177. *What,
then, is the paper of January 1st, 1916?* Words and Phrases,
vol. VII, 6285; Schouler on Wills, 2d Ed., sec. 467; 36 S.
C. 43; 26 S. C. Eq. 105; 27 S. C. 297; 26 S. C. 564; 30 S. C.
188; 40 Cyc. 1179; 71 S. C. 175; Jarman on Wills, vol. I,
p. 338; 17 N. C. 387. *The law looks with disfavor upon
such a construction of a will as renders the testator totally
intestate:* Jarman on Wills, vol. III, p. 707; 31 S. C. 413;
Code of 1912, vol. I, section 3563.

*Mr. M. C. Long,* for John J, Owens and Rosanna Owens,
appellants, submits: *The intent of the testator is the car-
dinal rule in the construction of wills:* 19 S. C. 351; 71
S. C. 188; 10 S. C. 363; 16 S. C. 41; 14 S. C. 475; 4 S. C.
83; 88 S. E. 38; 90 S. C. 37; 36 S. C. 43; 91 S. C. 173; 4
S. C. 83; 31 S. C. 413; 14 S. C. 475.

*Messrs. M. R. McDonald* and *J. P. Carey,* for Thomas
G. C. Fahnestock, respondent, cite: *As to construction of
wills:* 46 S. C. 169; 4 McCord Rep. (15 S. C. L.) 60; 31
S. C. 50; 2 McCord (13 S. C. L.) 66; 65 S. C. 390; 46 S.
C 230; 26 S. C. 465; 11 Rich. Law (45 S. C. L.) 509;
Civil Code, 1912, sec. 3564; 107 S. C. 72; Fed. Cas. No. 5
707 (3 Story 753); 24 Ga. 640; 71 Am. Dec. 147. *The
finding of the Circuit Court that the paper of date January
1st, 1916, is a will, is final:* 82 S. C. 40; 74 S. C. 191.. *The
paper of date the 1st day of January, 1916, is a will:* 10
Rich. Law (44 S. C. L.) 186; 5 Strob. Law (36 S. C. L.)
168. *If this paper, dated the 1st day of January, 1916,
is not a will, is it a codicil?* 37 L. R. A. (N. S.) 291; Am.
& End. Ann. Cas. (1913e) 116; 71 S. C. 199; 40 Cyc. 1179.
*The paper of date the 1st day of January, 1916, whether it
be a "will" or a "codicil," "or other instrument in writing,"*

*revokes all other papers, wills or instruments in writing, dated prior thereto:* Civil Code 1912, sec. 3569; 40 Cyc. 1174, 1177, 1178 and 1179; 10 Am. Dec. 744; 110 Am. St. Rep. 440; 4 Am. & Eng. Ann. Cas. 306; 38 Minn. 169; 8 Am. St. Rep. 650; 1 Bay. (S. C. L.) 464; 37 L. R. A. (N. S.) 291; 3 McC. (14 S. C. L.) 282; 2 Brev. (4 S. C. L.) 279; 245 Pa. 318; 32 Chanc. Div. 604; 4 McC. 60; 11 Paige (N. Y.) 453; 146 Pa. 89; 15 N. J. Eq. 359; 58 N. C. 46; 6 N. C. 234; 117 Ind. 44; 18 N. E. 45; Civil Code 1912, sec. 3569; 20 Md. 357; 18 Mass. (1 Pick.) 535; 68 A. (R. I.) 622; 30 Miss. 276; 28 Pa. (4 Casey) 23. *As to appellants' contention that the "Circuit Court erred in reversing the Judge of probate's decree probating in due form of law the will of date September 24, 1915, because such an order could not be made by the Circuit Judge in this matter until after a trial de novo before a jury and the will established in a legal action:* Code of Civ. Proc., vol. II, sec. 66; 16 S. C, 40; 8 Rich. Law (42 S. C. L.) 90.

June 28, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

On December 11, 1916, after the death of Mrs. Rosa Fahnestock, of Walhalla, S. C., two papers, one dated September 24, 1915, and the other dated January 1, 1916, were produced and offered for probate as her last will and testament. Both were admitted to probate in common form, the latter as a codicil to the former. Upon a proceeding to prove the will in due form of law, the proper execution of each paper was duly proved. The probate Court admitted to probate in due form of law the paper of September 24, 1915, but refused to admit to probate in due form of law the paper dated January 1, 1916. Thereupon Thomas G. C. Fahnestock, one of the parties who would have inherited had the deceased died intestate, appealed to the Circuit Court,

and upon hearing the appeal the Circuit Court reversed the judgment of the probate Court, and held that the will of September 24, 1915, had been revoked by the paper dated January 1, 1916, which he held constituted her last will and testament, and ordered that it be admitted to probate in solemn form as the last will and testament of Rosa Fahnestock. From the judgment of the Circuit Court the executor appeals.

The will of September 24, 1915, contains nine items. By this will the testatrix disposed of all her property, providing for a number of legacies and leaving the residue to a nephew, William John Owens. By item 9 she named as her executor her nephew, William John Owens, of Panama, and in the event that he should fail to qualify, James Owens, another nephew. The paper dated January 1, 1916, is headed "Item Ten," then follows language commonly used in the preamble to a will (evidently copied verbatim from the will of September 24th) in which the testatrix recites that she is desirous of disposing of all her worldy effects, and that she makes, publishes and declares this as and for her last will and testament, "revoking any and all wills and testamentary documents or instruments by me heretofore made." She thereupon appoints W. L. Verner, of Walhalla, as her attorney, requesting that he take charge of her property immediately after her death, "and hold same together until the arrival of my said executor. And that my said attorney immediately notify my said executor and also my other relatives." This paper names no executor, and, except for the above provisions for temporary holding the estate pending the arrival of her executor, it makes no disposition whatever of the property of the testatrix. The conclusion of the Circuit Court was to the effect that the paper, dated January 1, 1916, was complete in itself, and alone constituted the last will and testament of the deceased, and hence that it annihilated and wiped out the will of September 24, 1915. The appellant appealed and by four exceptions challenges

the correctness of the Circuit Court's conclusion and find-
ings, and take the position that it is a codicil to the will
of September 24, 1915, and that both papers must be con-
sidered together.

The evidence in the case beyond question establishes the
fact that shortly before her death Mrs. Fahnestock handed
to her executor a small package of papers.   After her death
this was opened, and in it was found an envelope, marked
"Mrs. Fahnestock's Will.". Within this envelope were found
two paper folded together, the paper dated January 1, 1916,
being folded inside the paper dated September 24, 1915.
The will of September 24, 1915, contained various items
numbered from 1 to 9, disposing of all the property of tes-
tatrix.   The paper of January 1, 1916, found inside the
will of September 24, 1915, begins with the words "Item
Ten."   These two words indicate clearly that what fol-
lowed was intended by the testatrix as a continuation of her
will, which contained nine items.   The will and codicil being
folded together in an envelope handed by testatrix to her
executor before her death and when opened by him after
death found to be marked "Mrs. Rosa Fahnestock's Will,"
leads to the inevitable conclusion that these papers should be
read in connection with each other, and to treat as surplusage
the words embodied in the last paper, to wit, "I do hereby
make, ordain, publish and declare this as and for and to be
my last will and testament, hereby revoking any and all will
and testamentary documents or instruments by me hereto-
fore made," so as to make the last paper a continuation of
the will of September 24, 1915, being item 10 of said will.
The construction given by the Circuit Court would defeat
the manifest purpose of the deceased, and create a situation
never contemplated or dreamed of by her.   Her manifest
intention was that the paper of January 1, 1916, was
intended by her as a supplement or addition to her will of
September 24, 1915.   She begins with the words, "Item
Ten," indicating clearly an intention of the continuation of

some testamentary containing nine items. The will of September has nine items. In the will of September she declares her intention of disposing of all of her property; in that will she does so. In the last paper she appoints Verner as attorney, with power to hold property until arrival of the executor, shows it was not her intention to revoke her will, but her intention is to simply provide for the looking after her property by Verner until the arrival of her executor, appointed under her will, and to hold otherwise and sustain the Circuit Court's holding would be destructive of the clear purpose and manifest intention of the testatrix.

The papers, read in connection with each other, show that there was a manifest intention on the part of the testatrix that they should be so taken, and that the general intention of the testatrix should not be defeated by a literal construction of an apparent inconsistent provision. The testatrix did not intend to revoke the will, but to add another item to it. The actual intention of the testatrix is clear to the Court, and it would be unjust and destructive of her clear purpose and intention to sustain his Honor and hold that the last paper revoked the first. There was no intention on her part to revoke her will, but construing both papers together, clearly arrives at her intention. She intended her will to stand, and the manifest intention of last paper is shown by its terms as intended only for the purpose of making temporary provision for the custody of the estate until arrival of executor, when it was to be delivered to him. When the executor appeared Verner's appointment under the paper of January 1, 1916, was *functus officio*. There was nothing for him to do by the terms of the paper, and the probate Judge was not in error in not admitting it to probate.

The exceptions are sustained.

Judgment of the Circuit Court reversed and judgment of the probate Court made the judgment of this Court.

Judgment reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE GAGE did not sit.